UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TED AND GRACIELA GASPER | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:22-cv-00004 |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| *Defendant* | § | |

## DEFENDANT TEXAS LLOYD'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant Allstate Texas Lloyds ("Defendant") hereby files its Answer to Plaintiffs' Original Petition (the "Petition") as follows:

### ANSWER TO PLAINTIFFS' ORIGINAL PETITION

#### I.       DISCOVERY CONTROL PLAN LEVEL

1.      Defendant denies the allegations contained in paragraph 1 of the Petition. Defendant avers that discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, and the orders of this Court.

#### II.       PARTIES AND SERVICE

2.      Upon information and belief, Defendant admits the allegation contained in paragraph 2 of the Petition.

3.      Upon information and belief, Defendant admits the allegation contained in paragraph 3 and its subparts of the Petition. In response to the allegations contained in paragraph 3 and its subparts of the Petition, Defendant admits it is a citizen of Illinois.

4.      Upon information and belief, Defendant admits the allegation contained in paragraph 4 of the Petition. Defendant is a citizen of Illinois. In response to the allegations contained in paragraph 4 of the Petition, Defendant admits it is a citizen of Illinois.

### III.    JURISDICTION AND VENUE

5.      Defendant admits that Hidalgo County is proper venue as the insured property is located within Hidalgo County, Texas.  Defendant denies the remainder of the venue allegations contained in paragraph 5 of the Petition as moot due to the removal of this matter to federal court. Defendant states that jurisdiction is proper in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

### IV.    BACKGROUND FACTS

6.      Upon information and belief, Defendant admits the allegations in paragraph 6 of the Petition.

7.      In response to paragraph 7 of the Petition, upon information and belief, Defendant admits that there was a windstorm in Hidalgo County, Texas for which Plaintiffs made a claim with Defendant for a policy that was issued covering the Plaintiffs' property.  Defendant denies the remainder of the allegations contained in paragraph 7 of the Petition.

8.      Defendant admits the allegations in paragraph 8 of the Petition that Defendant made an investigation into Plaintiffs' claim as well as an inspection of the subject property. Defendant denies the remainder of the allegations contained in paragraph 8 of the Petition.

### V.  CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

9.      Defendant denies the allegations in paragraph 9 of the Petition.

10.     Defendant denies the allegations in paragraph 10 of the Petition.

11.     Defendant denies the allegations in paragraph 11 of the Petition.

12.     Defendant denies all the allegations in paragraph 12 and its subparts of the Petition.

13.     Defendant denies all the allegations in paragraph 13 and its subparts of the Petition.

14.     Defendant denies all the allegations in paragraph 14 and its subparts of the Petition.

15.     Defendant denies all the allegations in paragraph 15 of the Petition.

16.     Defendant denies all the allegations in paragraph 16 of the Petition.

17.     Defendant denies all the allegations in paragraph 17 of the Petition.

18.     Defendant denies all the allegations in paragraph 18 of the Petition.

19.     Defendant denies all the allegations in paragraph 19 of the Petition.

20.     Defendant denies all the allegations in paragraph 20 of the Petition.

21.     In response to paragraph 21 of the Petition, Defendant admits that the policy that is the subject of this lawsuit is a valid, binding, and enforceable contract between Plaintiffs and Defendant, but denies all of the other allegations in paragraph 21 of the Petition.

22.     Defendant denies all the allegations in paragraph 22 of the Petition.

23.     Defendant denies all the allegations in paragraph 23 of the Petition.

<u>VI.        KNOWLEDGE</u>

24.     Defendant denies all the allegations in paragraph 24 of the Petition

<u>VII.     DAMAGES</u>

25.     Defendant denies all the allegations in paragraph 25 and its subparts of the Petition.

26.     Defendant denies all the allegations in paragraph 26 of the Petition.

27.     Defendant denies all the allegations in paragraph 27 of the Petition.

28.     Defendant denies all the allegations in paragraph 28 of the Petition.

29.     Defendant denies all the allegations in paragraph 29 of the Petition.

30.     Defendant denies all the allegations in paragraph 30 of the Petition.

31.     Defendant denies all the allegations in paragraph 31 of the Petition.

VIII.

32.     Defendant denies all the allegations in paragraph 32 of the Petition.

33.     Defendant denies all the allegations in paragraph 33 of the Petition.

34.     Defendant denies all the allegations in paragraph 34 of the Petition.

35.     Defendant denies all the allegations in paragraph 35 of the Petition.

36.     Defendant denies all the allegations in paragraph 36 of the Petition.

37.     Defendant denies all the allegations in paragraph 37 of the Petition.

38.     Defendant denies all the allegations in paragraph 38 of the Petition.

39.     Defendant denies all the allegations in paragraph 39 of the Petition.

40.     Defendant denies all the allegations in paragraph 40 of the Petition.

IX.

41.     Defendant admits that Paragraph 41 is a demand for jury in state court and does not require an admission or denial. The remainder of paragraph 41 is a prayer for damages to which Defendant avers Plaintiffs are not entitled. Defendant denies that Plaintiffs are entitled to the relief requested.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Lloyds respectfully prays that Plaintiffs' claims be dismissed, that Plaintiff take nothing on their claims against Defendant, that Defendant receive such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797


By: */s/ Joseph S. Ellis*
**Robert E. Valdez**
State Bar No.20428100
revaldez@valdeztrevino.com
**Joseph S. Ellis**
State Bar No. 24109840
jellis@valdeztrevino.com
*Attorneys for Defendant Allstate Texas*
*Lloyds*

### CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this

3rd day of January 2022, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and

via e-service in the state court proceeding:

**Robert A. Pollom**
State Bar No: 24041703
robert@lp-lawfirm.com
**Shannon E. Lloyd**
State Bar No: 24045706
shannon@lp-lawfirm.com
**LOYD & POLLOM, P.L.L.C.**
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone: (210) 775-1424
*Attorney for Plaintiffs*

*/s/ Joseph S. Ellis*
**Joseph S. Ellis**

---