Case 7:22-cv-00004   Document 12   Filed on 02/01/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TED GASPER and GRACIELA GASPER, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:22-cv-00004 |
| § | |
| ALLSTATE TEXAS LLOYDS, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Plaintiffs' Motion to Set Mediation Pursuant to Section 541.161 of the Texas Insurance Code."[1] Although the motion is opposed,[2] the Court exercises its discretion under Local Rule 7.8 to consider the motion now because it is easily resolved.

The Court must first ascertain its jurisdiction over this case. Plaintiffs Ted and Graciela Gasper commenced this case in state court on December 6, 2021, asserting breach of contract and other insurance-related claims against Defendant.[3] Defendant removed to this Court on January 3, 2022.[4] Defendant argues this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332.[5] "Plaintiffs reside in Hidalgo County, Texas,"[6] and are therefore citizens of Texas.[7] After the Court ordered Defendant to clarify its citizenship,[8] Defendant shows that it is a Lloyd's

---

[1] Dkt. No. 6.
[2] *See id.* at 3.
[3] Dkt. No. 1-3.
[4] Dkt. No. 1.
[5] *Id.* at 2, ¶ 7.
[6] Dkt. No. 1-3 at 1, § II.
[7] *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)) ("For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'").
[8] Dkt. No. 10.

insurance plan composed of ten underwriters who are all citizens of Illinois.[9] Defendant is therefore a citizen of Illinois.[10] With respect to the amount in controversy, "Plaintiff [sic] pleads that the damages will be less than $250,000,"[11] but Plaintiffs seek "three times the actual damages" in their complaint[12] and Plaintiffs' demand letter clarifies that the "unpaid policy benefits are $56,013.60."[13] "The removing defendant can meet its burden [to show the propriety of removal] if it shows by a preponderance of the evidence . . . facts in controversy that support a finding of the requisite amount."[14] This Court looks to demand letters as evidence of the amount in controversy.[15] Because the demand letter is strong evidence that the amount in controversy in this case is over $75,000 after trebling the allegedly unpaid policy benefits, the Court agrees that diversity jurisdiction properly vests in this Court under 28 U.S.C. § 1332(a).

Now turning to Plaintiffs' motion to compel mediation,[16] the Court notes as a threshold matter that the motion lacks numbered paragraphs entirely, hindering the Court's reference to Plaintiffs' arguments. The Court cautions Plaintiffs that future submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[17] On the merits of the motion, Plaintiffs invoke Texas Insurance Code § 541.161 and pray that the Court

---

[9] Dkt. No. 11 at 1–2, ¶ 1.
[10] *See Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 882–83 (5th Cir. 1993).
[11] Dkt. No. 1-3 at 8, § IX.
[12] *Id.* at 7, § VII.
[13] Dkt. No. 1-5 at 3.
[14] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (internal quotation marks omitted); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").
[15] *King v. Ameriprise Fin. Servs., Inc.*, No. 2:09-cv-00112, 2009 WL 1767641, at *3 (S.D. Tex. June 19, 2009) (Jack, J.) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254–55 (5th Cir. 1998) & *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)); *see Rios v. Liberty Mut. Fire Ins. Co.*, No. DR-16-CV-0031-AM-VRG, 2017 WL 3274456, at *4 (W.D. Tex. Jan. 18, 2017) (collecting cases).
[16] Dkt. No. 6.
[17] FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) (emphasis added) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").

"set a date and time for mediation and choose a mediator" if the parties cannot otherwise agree to mediate.[18] Plaintiffs neglect to mention that every federal court to have confronted § 541.161 has determined that the state law does not apply to or control the proceedings in federal court,[19] including this Court in a case involving this Defendant.[20] Plaintiffs do not contend that any of these decisions were errant and the Court does not see the prevailing view as plainly incorrect. Accordingly, the Court holds that it is not bound by and should not apply Texas Insurance Code § 541.161 in these proceedings. Plaintiffs' motion to compel mediation is **DENIED**.[21] Nonetheless, the parties are encouraged to consider mediation at the appropriate time.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 1st day of February 2022.

                                          Micaela Alvarez
                                          United States District Judge

---

[18] Dkt. No. 6 at 2–3, §§ II–III.
[19] *E.g.*, *In re Insulin Pricing Litig.*, No. 317CV699BRMLHG, 2020 WL 831552, at *9 n.14 (D.N.J. Feb. 20, 2020) (citing *Prado v. Allstate Texas Lloyd's*, No. EP-16-CV-364-PRM, 2016 WL 9414132, at *1 (W.D. Tex. Nov. 16, 2016) & *Essex Ins. Co. v. Levy Props., Inc.*, No. 1:12-CV-199-C, 2013 WL 12122119, at *1 (N.D. Tex. May 7, 2013)); *Sandoval v. Allstate Texas Lloyds*, No. SA-17-CV-166-FB, 2017 WL 5476393, at *1 (W.D. Tex. Mar. 29, 2017) ("[T]he mediation provisions in the Texas Insurance and Business and Commerce Codes are more procedural than substantive and directly conflict with Rule 16."); *Espinoza v. Allstate Texas Lloyd's*, No. EP-16-CV-00318-DCG, 2016 WL 9414113, at *2 (W.D. Tex. Oct. 14, 2016) ("Section 541.161 has no application in federal court.").
[20] *Salazar v. Allstate Texas Lloyd's*, No. CV H-17-00191, 2017 WL 6885400, at *1–2 (S.D. Tex. Mar. 15, 2017) (Hittner, J.).
[21] Dkt. No. 6.